Dear Mayor DeLaune:
In response to your opinion request of recent date, please note that the annual leave and sick leave provided for firemen in R.S.33:1995 and R.S. 33:1996 only apply to municipalities with a population of thirteen thousand or more and firemen paid by a parish or fire protection district (see R.S. 33:1961). Thus, these provisions are not applicable to the City of Denham Springs. In accord are Attorney General Opinions 88-42, 78-259, and 78-66, copies attached.
We hope the foregoing sufficiently addresses your concerns. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
OPINION NUMBER 78-259
March 27, 1978
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2557
Local board has authority to adopt rules for leaves of absence.
Mr. Maxie E. Cox State Examiner Municipal Fire and Police Civil Service Suite 300 Parkview Office Building 4664 Jamestown Avenue Baton Rouge, Louisiana 70808
Dear Mr. Cox:
You have requested a clarification of Opinion Number 78-66 of this office wherein we stated `. . . the annual leave and sick leave provided for firemen in R.S. 33:1995 and 1996 only apply to municipalities with a population of thirteen thousand or more and firemen paid by a parish or fire protection district (See R.S. 33:1961), and therefore would not apply to the City of Ville Platte.'
Our office has reviewed this opinion and reaffirms its conclusions under the Louisiana law. In further clarification of the opinion we are enclosing copies of Opinions Number 78-4 and 78-4A which we feel may be helpful.
If further help is needed on this matter please call on us.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: William T. Reeves, Jr. Assistant Attorney General
OPINION NUMBER 78-66
January 31, 1978
71-1-1 — MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2557
Local board has authority to adopt rules for leaves of absence.
Mr. Phil Lemoine City Clerk City of Ville Platte Post Office Box 390 Ville Platte, Louisiana 70586
Dear Mr. Lemoine:
You have requested an opinion from our office concerning the authority of the Ville Platte Fire and Police Civil Service Board to establish leave policy as provided in R.S. 33:2557.
R.S. 33:2557.
`The board shall adopt rules for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority.'
Under this statute it is our opinion that the Vile Platte Fire and Police Civil Service Board is the proper authority to adopt rules and regulations for all types of leave for the employees covered under the jurisdiction of the board.
We point out that the annual leave and sick leave provided for policemen in R.S. 33:2214 does not apply to Ville Platte because it does not have a population of twelve thousand as provided in R.S.33:2211. We also point out that the annual leave and sick leave provided for firemen in R.S. 33:1995 and 1996 only apply to municipalities with a population district of thirteen thousand or more and firemen paid by a parish or fire protection district (See R.S. 33:1961), and therefore would not apply to the City of Ville Platte.
If further help is needed on this matter, please call on us.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: William T. Reeves, Jr. Assistant Attorney General
OPINION NUMBER 88-42
December 30, 1988
71 — MUNICIPALITIES La. R.S. 33:1991 et seq. La. R.S. 33:1995
La. R.S. 33:1995.1
La. R.S. 33:1996
Annual leave and sick leave are not mandated for employees of Lawrason Act municipalities of a population of less than 7,000 persons except for firemen as defined in La. R.S. 33:1991.
Mr. Bennett R. Lapoint Attorney at Law Town of Lake Arthur 220-A Arthur Avenue Lake Arthur, Louisiana 70549
Dear Mr. Lapoint:
You requested an opinion of this office concerning the issue of whether vacation leave and/or sick leave is mandatory for employees of a Lawrason Act municipality of a population of approximately six thousand people. It is the opinion of this office that such leave is not mandated except for firemen covered under Louisiana Revised Statute 33:1991 et seq.
La. R.S. 33:1991 reads in pertinent part:
A. The word "firemen," as used in this Sub-part includes all persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services, including operators of the fire department. The word "firemen" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians or other non-fire fighting employees detailed for such special duties, nor does the word "firemen," include employees of privately owned or operated fire fighting or fire prevention services.
The "firemen" designated in the above cited statute are enlisted to the sick leave benefits provided in Louisiana Revised Statutes 33:1995
which reads:
Every firemen in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
Louisiana Revised Statute 33:1995.1 reduces the amount of this sick leave compensation by the amount of worker's compensation benefits actually received by the employee.
In addition to this sick leave the above described "firemen" are also entitled to the annual leave benefits provided for in Louisiana Revised Statute 33:1996 which reads:
Firemen in municipalities, parishes and fire protection districts to which this Sub-part applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.
The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.
All other provisions for annual and sick leave for municipal employees are not applicable to Lake Arthur because of the population requirements for the applicability of the other provisions.
I trust that the foregoing has sufficiently answered your inquiry. Please contact us if you have further questions.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Emma J. DeVillier Staff Attorney